Alton and Sangamon Railroad Company *v.* Carpenter.

THE ALTON AND SANGAMON RAILROAD COMPANY, Appellant, *v.* WILLIAM CARPENTER, Appellee.

### APPEAL FROM SANGAMON.

In estimating damages under the ninety-second chapter of the Revised Statutes, "concerning the right of way," the true rule in estimating advantages and disadvantages accruing to the owner of land through which a railroad passes, is to take into consideration all which are appreciable.

From this statute, it appears that the legislature never contemplated the payment of damages to the owner of a tract of land for the privilege of constructing a railroad through it, when the additional value to be given to the land was equal to any injury sustained.

Under the subsequent act a different rule would prevail.

THE cause was heard before T. L. DICKEY, Judge, and a jury, at August term, 1852, of the Sangamon Circuit Court, and resulted in a verdict and judgment in favor of Carpenter, for $326.96. The company appealed. The following was the instruction asked for: —

"That, in estimating the damage done to the land by the construction of the railroad, they are to deduct the advantage which they believe the land will derive from its construction; and, in estimating such advantages, they are not to be confined to the advantages peculiar to this tract of land, but they are to consider as such advantage, whatever increased value they may believe the land bears in common with other land beyond what they may believe it would bear if the road was not constructed, nor to be constructed at all; and that if in their opinion, such increased value is equal to, or greater than the damage done, they are to give no damage at all."

LINCOLN and HERNDON, for appellant.

S. T. LOGAN, for appellee.

TRUMBULL, J. This was a proceeding to condemn the railroad company's right of way over Carpenter's land; and the only question is as to the proper measure of damages in the case. The charter of the company, passed February 27, 1847, provides that the lands taken and entered upon by the corporation for the purposes of said railroad, "shall be paid for by said company in damages, if any be sustained by the owner or owners thereof by the use of the same for the purpose of said

railroad ; " and that " the price shall be estimated, fixed, and recovered in the manner provided for taking lands for the construction of public roads, canals, or other public works, as prescribed by the act concerning the right of way, approved March 3, 1845."

The act concerning the right of way, R. S. ch. 92, sects. 1 and 4, declares that the householders summoned to estimate the damages which the owner of land will sustain by reason of the passage of any road or public work over the same, " shall assess the damages which they shall believe such owner or owners will sustain over and above the additional value which such land will derive from the construction of such road, canal, or other public work," and, " if the householders shall report it to be their opinion that no damages would be sustained by the owner of the land for the passage of any such road, canal, or other public work, over and above the advantages which such land would derive from its construction, nothing more shall be paid than the costs of the view."

It is obvious, from these various provisions of the statute, that the legislature never contemplated the payment of damages to the owner of a tract of land for the privilege of constructing the railroad through it, when the additional value to be given to the land by its construction was fully equal to the injury which it would occasion. If additional value is given to the land by the construction of the public work, it matters not whether it be by draining the land which was before wet, by affording additional facilities for taking its produce to market, or by the general enhancement in the value of the land occasioned by its contiguity to the public work. The language of the statute is general, and there is no propriety in restricting the benefits to be derived from the construction of the railroad, if of a real and substantial character, to such only as arise from a particular source, or for confining them to one class of benefits more than another. It is immaterial how the owner of the land is benefited, or that others whose lands are not entered upon are benefited to an equal or even greater extent. It is enough that the value of his land is enhanced by the construction of the railroad through it, and he has no right to complain that the enhancement is not peculiar to him alone. It might as well be insisted that the increased value given to a marsh not before tillable, by cutting a canal through, so as to drain it, should not be taken into consideration in estimating the advantages which the owner of such marsh would derive from the construction of the canal, as that the construction of a railroad and the additional value given to land along its imme-

diate line should be excluded in estimating the advantages of such road to the proprietor. One is as much a real benefit as the other. So, too, the injuries which the proprietor suffers by having his farm divided so as to make it inconvenient to pass to and from its different parts, and to compel him to erect additional fences; and all other injuries of a like character occasioned by the construction of a public work through it, are as proper subjects of inquiry in estimating the damages sustained thereby, as is the value of the land actually appropriated to public use. We do not appreciate the distinction drawn by the Kentucky courts between the money value of the land appropriated to public use, and what they call incidental disadvantages, such, for instance, as the owner of a tract of land would sustain by having part of the land flooded in consequence of the construction of a public work over it. The true rule in estimating the advantages and disadvantages, is to take into consideration all which are appreciable, for the law makes no reservation or restriction.

A most material inquiry is, whether in reference to the value of the whole tract through which the road passes, the property is benefited or injured. In the language of the Supreme Court of Pennsylvania, 8 Barr, 450: "If benefited, the owner neither is, nor ought to be, entitled to recover any compensation whatever; if really injured, not a mere fanciful injury, compensation is to be given to the amount of the damages sustained by the owner."

There is nothing in this view which interferes with any constitutional provision. The 11th section of the 13th article of that instrument declares, that no man's property "shall be taken or applied to public use without the consent of his representatives in the general assembly, nor without just compensation being made to him." The word compensation means that which is given as an equivalent for a loss; and the constitution does not determine how that equivalent shall be made up. If the advantages really and substantially resulting from the increased value given to that part of a tract of land not taken for public use, are equal to the damages which the owner will sustain by the deprivation to which he is subjected, then in the very act of appropriating part of his land to the public use, an equivalent is rendered him, in the increased value given to the rest. In such a case it cannot in any just sense be said that any portion of his property has been taken, and consequently he is entitled to no compensation. It is true his property has undergone a change without his consent, but it is because the public exigency required it; and the same

The Town of Petersburg *v.* Mappin et al.

change occurs in every case, even where there are no benefits to be assessed, and the compensation is made in money. The value of a man's property remains the same in both cases, though there is a difference in the modes of making compensation. The cases of McIntire *v.* The State, 5 Blackf. 384, and of Symonds *v.* The City of Cincinnati, 14 Ohio, 147, are in point upon this branch of the case.

This proceeding was instituted in April, 1852, — was argued, and has been disposed of without reference to any other statutes than the act incorporating the Alton and Sangamon Railroad Company, and the act therein referred to. By a statute, enacted since this proceeding was instituted, to amend the law condemning right of way for purposes of internal improvement, it is expressly declared that no benefits or advantages shall be estimated which may accrue to lands affected in common with adjoining lands on which the public work does not pass.

In our opinion, the instruction asked by the counsel for the railroad company in the court below should have been given.

Judgment reversed, and cause remanded.

*Judgment reversed.*