# THE OTTAWA GAS-LIGHT AND COKE COMPANY

## *v.*

# JAMES GRAHAM.

1. BILL OF EXCEPTIONS — *must state that it contains all the evidence.* Where the bill of exceptions fails to state that it contains all the evidence given on the trial below, this court cannot undertake to determine whether the evidence warranted the finding of the jury. If the testimony contained in the record is not sufficient to justify the finding, it will be presumed that there was other evidence that has been omitted, which warranted the verdict, or the court would have granted a new trial.

2. SAME. An indorsement "I am satisfied with the foregoing bill of exceptions," made upon the bill by the attorney for the appellee, will not remove the objection, that the bill does not state that it contains all the evidence.

3. EVIDENCE. In an action on the case against a gas-light company for injury to the plaintiff's well, it being claimed by the plaintiff that the gas passed through the earth to his well, and so affected the water as to make it useless, evidence that other wells in the neighborhood were similarly affected, held to be proper, as it tended to show that the water in the plaintiff's well was affected in the manner claimed.

4. EVIDENCE — *opinion of witnesses.* A witness was asked to give his views of the damage done to the plaintiff's premises on account of the gas works. *Held,* that the evidence was proper, the witness having examined the premises with reference to the damage done by the escaping gas.

APPEAL from the Bureau County Circuit Court; Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action on the case, commenced in the Circuit Court of La Salle county by James Graham against The Ottawa Gas-Light and Coke Company, and removed on change of venue into the Circuit Court of Bureau county.

The plaintiff alleged in his declaration, that the defendant was at all the times named therein an incorporated company under the laws of the State of Illinois; that the plaintiff was the owner of a certain lot of land, with a dwelling and well of water situated thereon, and which dwelling house and well of water, the said plaintiff with his family occupied, inhabited and used; that the defendant wrongfully and injuriously erected and built certain buildings on the ground of the said defendant near the

dwelling house and premises of the plaintiff, and there carried on the business of manufacturing gas; noxious vapors were created rendering the air about the plaintiff's premises offensive, and that the gas escaped and passed through the earth, tainting and corrupting the water in the plaintiff's well, and rendering it unfit for use. Issue was joined, and on the trial of the case, *De Witt C. Gooding*, one of the witnesses on the part of the plaintiff, was asked if his well had been injured by the gas works? The defendant objected to plaintiff offering evidence as to whether other wells than the plaintiff's had been injured by the gas works. The court overruled the objection and the defendant excepted. The witness answered, that the water in his well began to taste and smell of gas after the building of the gas works, and was positive that the water in his well tasted and smelled of gas.

In the course of the trial, the plaintiff asked several of his witnesses the following question: "Give your views of the damage done to Graham's premises on account of the gas works?" To which the defendant objected, and the court overruled the objection. A verdict was rendered for the plaintiff in the court below, upon which judgment was entered, from which the defendant appeals.

The bill of exceptions failed to state that it contained all the evidence given on the trial, but was indorsed by the attorney for the appellee, "I am satisfied with the foregoing bill of exceptions."

Messrs. RICE, MOREY and HOLLISTER, for the appellant.

Messrs. LELAND and BLANCHARD, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The bill of exceptions in this record fails to state that it contains all of the evidence given on the trial below. This being so, this court will not undertake to determine whether the evidence warrants the finding of the jury. If the testimony

contained in the record is not sufficient to justify the finding, it will be presumed that there was other evidence that has been omitted which warranted the verdict, or the court would have granted a new trial. In that, as in all things else, it must be presumed that the proceedings and judgment of a Superior Court are strictly in conformity to law, until error is shown in the record. The appellant, having failed in this case to show that the court below erred in refusing to grant a new trial, because the evidence did not warrant the verdict, the presumption has not been overcome. This is the long, uniform and well settled doctrine of this court, announced in numerous decisions too familiar to the profession to require citation.

It is, however, contended that inasmuch as counsel for appellee made upon the bill of exceptions this indorsement: "I am satisfied with the foregoing bill of exceptions," to which he signed his name, the omission was cured, and we must infer from that indorsement that it was full and correct. This we think is not its import, nor will it bear such a construction. It only implies that the attorney desired no corrections made either by erasure or addition. That upon it as it then stood, he was willing to try the case on error. The term that he was satisfied with it, is very different from saying that it was full or that it was correct. Had he desired to state that fact, other and very different language would have been employed.

It is insisted that the court erred in permitting appellee to give evidence that other wells in the neighborhood were similarly affected. If the object of this evidence had been to enhance the damages by creating prejudice against appellant, it would have been manifestly erroneous. But if it was legitimate for any purpose on the trial, then it was properly admitted. It seems that one of the questions controverted before the jury was whether the gas could pass through the earth the distance the well was situated from the tank so as to affect the water. If it could be shown that it had so affected the water in other wells at the same or a greater distance from the tank, such evidence would strongly tend to prove that the water in the well in controversy was affected by the gas escaping in that manner.

For this purpose it was properly admitted, and if appellant feared that it might have had the effect to increase the damages, he should have guarded against it by asking a proper instruction for the purpose.

It is again urged, that the court erred in permitting witnesses to give their opinion as to the amount of damages which was sustained. It is usual, and the law permits witnesses to give their opinion, as to the value of property, and a variety of other matters. Such is also the case of whether mechanical skill has been exercised in the construction of work; as to the cultivation of agricultural crops; as to care and diligence in the management of stock, as well as a large variety of matters, about which disputes arise. In such cases, the opposite party has always the right, by cross-examination, to test the value of the opinion, by ascertaining the grounds upon which it is based. Nor are the jury bound by such opinions, if contrary to the evidence. It is only one of the modes of arriving at the true measure of the damages, and is only valuable as it is sustained by the evidence, the means of knowledge of the witness, and his general intelligence and fairness. It must, of course, be considered in connection with all of the evidence in the case. In this there was no error.

No error is perceived in this record, and the judgment of the court below is affirmed.

*Judgment affirmed.*