SAMUEL J. HAYES

v.

THE OTTAWA, OSWEGO & FOX RIVER VALLEY R. R. Co.

1. CONDEMNING RIGHT OF WAY *for a railroad—what facts to be considered in estimating damages and benefits.* In estimating the damages and benefits to result from the construction and use of a railroad over land which has been condemned for that purpose, under the act of 1852, the jury are not confined to the consideration of the state of facts as they existed at the time the land was taken, but may consider the subject in the light of the facts as they exist at the time of the trial.

2. So a stipulation voluntarily entered into by the railroad company, to the effect that they would erect a depot upon their road, near to the land in respect to which the inquiry of damages and benefits is being made, is admissible in evidence on behalf of the company, upon such inquiry, although the location of the depot at that point had not been determined upon until the time of the trial.

3. The question whether the company would be bound by the stipulation to locate the proposed depot at the place indicated, is not one affecting its admissibility. The jury could judge, from all the evidence, whether it would be located at that or a more remote point, and determine its effect upon the value of the land accordingly.

4. SAME—*opinions of witnesses.* Upon such an inquiry, respecting the question of damages and benefits, the opinions of witnesses are admissible, as to the benefit which would probably result to land by the location of a railroad depot within a certain distance of it.

5. SAME—*of the question of compensation and benefits.* In fixing the compensation to the owner of land condemned for the right of way for a railroad, under the act of 1852, he must be paid, in money alone, the full value of the land taken, irrespective of any benefits or advantages which may result to his remaining land from the construction and use of the road.

6. But in estimating and assessing his damages by reason of the construction and use of the road, apart from the question of the value of the land taken, such benefits and advantages are then to be taken into consideration and estimated.

7. FORMER DECISION. The decision in the case of *The Alton & Sangamon Railroad Co.* v. *Carpenter*, 14 Ill. 190, holding a different rule in regard to compensation being made in benefits, was made under another statute—the act of March 3, 1845—and does not control the construction of the act of 1852 on that subject.

374 `  HAYES *v.* O. O. & F. R. V. R. R. Co. [Sept. T.,

Syllabus. Brief for the appellant. Opinion of the Court.

8. VERDICT—*its requisites in such case.* The verdict upon such a trial, under the act of 1852, should find the compensation and the damages separately.

APPEAL from the Circuit Court of LaSalle county; the Hon. E. S. LELAND, Judge, presiding.

The opinion states the case.

Messrs. MAYO & WIDMER, for the appellant, on the subject of rendering compensation for land condemned as a right of way for a railroad, in benefits resulting from the construction and use of the road, cited *James River & Kanawha Canal Co.* v. *Turner,* 9 Leigh, 334–9; *Winona & St. Peters Railroad Co.* v. *Waldron et al.* 11 Minn. 511; *State* v. *Miller,* 3 Zabr. 383; Petition Mt. Washington Railway Co. 35 N. H. 147; *Pacific Railroad Co.* v. *Chrystal,* 25 Mo. 546; *Robbins* v. *Milwaukee & H. Railroad Co.* 6 Wis. 636; *Woodfolk* v. *Nashville & Chattanooga Railroad Co.* 2 Swan, 422; *Henry* v. *Dubuque & Pacific Railroad Co.* 2 Iowa, 288; *Horstein* v. *Atlantic & Great Western Railroad Co.* 51 Penn. St. 90; *Meacham* v. *Fitchburg Railroad Co.* 4 Cush. 291; *Upton* v. *South Reading Branch Railroad Co.* 8. Cush. 600; *Isom* v. *Mississippi Central Railroad Co.* 36 Miss. 300; *State of Illinois* v. *Evans,* 2 Scam. 208.

Mr. WASHINGTON BUSHNELL, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding to condemn land of the appellant for the way of the appellees' railroad, under the act of June 22, 1852.

An appeal was taken from the assessment made by the three commissioners, to the circuit court of LaSalle county.

On the trial, there was read in evidence to the jury, on the part of the plaintiffs, an instrument in writing, signed by the president, secretary and treasurer of the company, as follows:

" *The Ottawa, Oswego & Fox River Valley Railroad Co.* v. *Samuel J. Hayes.* In the above entitled cause, now pending in the circuit court of LaSalle county, and being tried by a jury empanneled for that purpose by the said court, it is hereby expressly stipulated by the said railroad company, that in the construction of said railroad from Streator to Ottawa, there shall be constructed and built as follows :

" 1. A passenger and freight depot at South Ottawa.  2. A passenger and freight depot in the town of Farm Ridge, to be located on the line of said railroad, as near the centre of said town (north and south) as shall be found practicable upon examination.  3. Suitable farm crossings shall be made and maintained, with substantial bars, gates or cattle guards, at such points as shall be found necessary for the accommodation of the lands through which said railroad passes, and a good four board fence shall be built and maintained on each side of said railroad track.

" Ottawa, June 23, 1870."

And it was in evidence that defendant's land lay in the town of Farm Ridge, the north line of which was one mile south of the northern boundary of said town, and that said town was six miles in extent, north and south.

The court, then, against the objection of the defendant, admitted in evidence the opinions of witnesses in regard to the benefit of the road to defendant's land, on the supposition that the depot should be located within two miles of it, which is complained of as erroneous.

It is claimed that evidence in regard to the location of the depot was not relevant, because it was not determined upon at the time of the taking of the defendant's land, in August, 1869, and that only the state of facts then existing could be considered.  That is the time in reference to which the value of the land taken is to be estimated.

But when damages and benefits come to be estimated, by reason of the construction and use of the road, the manner in

which the road is to be constructed and used is important; the location of a depot pertains to its construction and use, and if that particular, in the manner of the construction and use of the road, has not been determined upon until the trial, we think it may then be considered upon the question of benefits and damages.

It is said that opinions of the witnesses should not have been received. The opinions of witnesses are admissible as to the value of property, and why not as to what affects its value? In *Ottawa Gas Light & Coke Co.* v. *Graham,* 35 Ill. 346, it was held that the opinions of witnesses were properly received as to the amount of damages done to premises on account of gas works, and we think they are equally receivable as to the benefit which would probably result to land by the location of a railroad depot within a certain distance of it.

It is again urged, that the testimony should not have been inquired for and elicited, on the hypothesis that the depot would be located within two miles of defendant's land, as the stipulation in evidence did not bind the railroad company to build it within that distance. It was for the jury to judge whether the hypothesis was supported by the evidence or not. Under all the evidence, they would have been warranted in finding that the location of the depot would have been within, or not far from, the assumed distance. And had they even believed that it would have been established at a greater distance off than the one assumed, still the evidence might have been properly considered by them, in coming to a conclusion of how the land would be affected in value by a depot at the spot where they believed it would be placed. We find no error in the admission of this testimony.

The giving of the following instructions is assigned for error:

"The jury are instructed, that if they believe, from the evidence, that Samuel J. Hayes was, at any time prior to the commencement of proceedings by said company, to condemn the right of way through his land, benefited by reason of the

contemplated construction and use of said railroad, in an amount equal to, or greater than, the compensation and damages accruing to him by reason of the contemplated construction and use of said railroad through his farm, they will award him neither damages nor compensation. And it makes no difference in this case, that some of Samuel J. Hayes' neighbors have been in like manner benefited without incurring any damage or injury thereby.

"That is, the law is simply this: the jury should estimate the compensation for the land taken, and the damage to the land not taken, if they find any damage in addition to the compensation. If, however, they believe that the benefits and advantages, general and special, which Hayes derives from the construction of the road, if any, equals or exceeds said compensation and damages, they should allow nothing, and as much as they may believe the compensation and damages of the land owner exceeds the said benefits and advantages, so they should find and state in their finding, the assessment to be made by the jury upon the state of facts at the time of the taking, treating the road as one which would be made."

The court are of opinion that these instructions are erroneous, in allowing benefits and advantages to be set off against, or deducted from, compensation for land taken for the way of the road.

The act under which this proceeding is had, requires the commissioners to "fix the compensation to be made to each party or owner of lands to be taken and used as the way on which the road, canal or other work shall be constructed and pass; also for lands taken and used for any of the other purposes specified in this act; and also estimate and assess the damages sustained by any person or persons, by reason of the construction and use of the work specified in the petition, taking into consideration and estimating the benefits and advantages to the parties resulting from the construction and use of the road, canal or other improvement," and afterwards, to "make reports,

378        HAYES *v.* O. O. & F. R. V. R. R. Co.  [Sept. T.,

Opinion of the Court.

in writing, stating separately the compensation to be paid for the right of way over or upon each lot of land, and the damages allowed to each owner or party by reason of the construction and use of the improvement or work," and on the trial, in case of appeal, "the jury shall find and state the amount, if anything, which shall be paid as compensation for right of way; the amount, if anything, to be paid for lands required for any other purpose; and the amount, if anything, assessed or allowed as damages; making the verdict conform to the questions and facts in the case."

Under this act, in fixing the land owner's compensation, he must be paid, in money alone, the full value of the land taken, irrespective of any benefits and advantages which may result to his remaining land from the construction and use of the road. But in estimating and assessing his damages, by reason of the construction and use of the road, such benefits and advantages are then to be taken into consideration and estimated. The decision in *The Alton & Sangamon Railroad Co.* v. *Carpenter*, 14 Ill. 190, was under a different statute—the act concerning the right of way, approved March 3, 1845, and does not control in the construction of the statute now under consideration.

The verdict of the jury was: "We, the jury, find for Samuel J. Hayes, allowing him $150, upon the basis that the railroad company build and maintain fences, crossings, gates or bars and cattle guards," which was defective in not finding as to compensation and damages separately, as required by the statute. The judgment is reversed and the cause remanded.

*Judgment reversed.*