The Peoria, Pekin & Jacksonville Railroad Co.

*v.*

William H. Black.

1. Railroad—*right of way—condemnation of.* Where a railroad company institutes proceedings under the act of the 22d of June, 1852, to condemn the right of way, and the case is appealed to the circuit court from the assessment of the commissioners, the court has no power to permit an amendment allowing the company to condemn the right of way under the act of 1845. Having elected to proceed under one act, they can not in that proceeding abandon the claim under the act of 1852, and proceed under the other.

2. Same—*estimating benefits.* In such a proceeding under the act of 1852, it is not error to instruct the jury that in estimating benefits to the claimant, they should not consider such benefits as he receives on other lands in common with owners of lands over which the road does not pass, and only to assess benefits he will receive over such common benefits. Such an instruction accords with the provisions of the act of 1852, and was proper.

Appeal from the Circuit Court of Morgan county; the Hon. Charles D. Hodges, Judge, presiding.

The railroad company, on the 24th day of October, 1868, filed a petition in the office of the circuit clerk of Morgan county, against William H. Black, for the purpose of condemning the right of way over certain lots of land. The judge thereupon appointed three commissioners to assess and report the damages that would be sustained by reason of the construction of the road. The commissioners heard the application, and reported that Black would sustain no damages, and he appealed to the circuit court.

On application to the court, the company obtained leave and amended their petition, so as to proceed under the act of 1845, instead of the act of 1852; and a trial was had at the April term, 1869, by the court and a jury, resulting in a verdict in favor of Black for $1,050, and, after overruling a motion for a new trial, the court rendered judgment on the verdict, from which this appeal is prosecuted.

Messrs. Isaac L. Morrison, Cyrus Epler and E. P. Kirby, for the appellant.

Mr. H. B. McClure, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a proceeding to condemn the railroad company's right of way over the land of Black; and the only question presented is, as to the correctness of the following instruction, given for the defendant, to wit:

"The court instructs the jury for the defendant, that in estimating the benefits to the claimant from the construction and use of said railroad, it is not proper for them to take in consideration such benefits as are sustained by claimant, in common with owners of land adjacent, through which the said road does not run; but only such as result to the claimant over and above such common benefit."

To the giving of said instruction, the appellant at the time excepted.

The proceeding was commenced by filing a petition in the Circuit Court of Morgan county, and three commissioners were appointed by the judge of said court to fix the compensation for the right of way, and assess damages. The petition closes as follows: "This petition is predicated upon, and filed in conformity with, the provisions of the act of the General Assembly of the State of Illinois, entitled, 'An act to amend the law concerning the right of way for the purpose of internal improvement, approved June 22d, A. D. 1852, as authorized by the several charters and amended charters herein referred to.'"

An appeal was taken to said circuit court, from the assessment of compensation and damages made by the commissioners, and pending the appeal, at the April term, 1869, the appellant obtained leave of the court to amend its petition, by inserting after the words, "Approved 22d June, 1852," the following words: "And the several charters and amended charters of

the said Peoria, Pekin & Jacksonville Railroad Company, and the laws referred to therein."

Appellant, by its original charter of June 11th, 1863, succeeded to all the rights, franchises and corporate powers, formerly enjoyed by the Illinois River Railroad Company.

The last named company was incorporated February 11th, 1853, and by its charter had the right to take lands for its right of way, according to the general law, approved March 3d, 1845. By an amendatory act, approved February 19th, 1867, the Peoria, Pekin & Jacksonville Railroad Company had the right to avail itself of any general law of the State, concerning the right of way.

It is insisted, that in this proceeding appellant had all the advantages of the rule of assessing damages, by taking into consideration the benefits, as provided by the law of 1845, and that this instruction did not give the law according to that act, and as decided in *The Alton & Sangamon Railroad Company* v. *Carpenter*, 14 Ill. 190.

It is true, that under that act and decision, the rule of assessing damages is different, and it is proper to take into consideration such benefits as the owner of the land will derive from the construction of the road in common with owners of land adjacent through which the road does not run, and not only such as result to the claimant over and above such common benefit.

But the mode of proceeding under the two acts of 1845 and 1852, is entirely different.

Under the act of 1845, the proceeding is commenced by an application to a justice of the peace, who appoints three householders to assess the damages.

Under the act of 1852, the proceeding is commenced by filing a petition in the clerk's office of the circuit court of the county, and three commissioners are appointed by the court or judge, or judge of the county court, to fix the compensation for the right of way, and to assess the damages.

The proceeding in this case was instituted under the act of 1852, by filing a petition in the clerk's office of the Morgan

Circuit Court, and the appointment of commissioners by the judge thereof; and it was not competent for the appellant, after the case was brought into the circuit court on appeal, by any amendment of the petition, to convert the proceeding into one under the act of 1845, by an application to a justice of the peace for the appointment of householders. The proceeding continued to its close as it was commenced, one under the act of 1852.

The appellant might have commenced and proceeded under either one of the acts; but commencing under one, it could not proceed under both, adopting such provisions of either as suited its interest, and rejecting such as made against it.

In the mode of assessing damages, the act of 1845 might be more favorable to appellant.

For the purpose of acquiring an indisputable title to the right of way, the act of 1852 might be preferred. It was for the appellant to elect between them, and whichever one it adopted, it took with it, its burdens as well as benefits.

As the instruction was in accordance with the express provision of the act of 1852, we perceive no error in giving it, and the judgment must be affirmed.

*Judgment affirmed.*