# Toledo, Peoria & Warsaw Railroad Co.

*v.*

# John Darst.

1. EMINENT DOMAIN—*railroad—damages.* On an appeal in the circuit court in a case for the assessment of damages on the condemnation of the right of way for a railroad, the statute has given a trial by jury.

2. DAMAGES—*estoppel.* Where a railroad company went upon land and built their road without procuring the right of way, and occupied it for twelve years and then instituted a proceeding to condemn the right of way, the company have no right to insist that the owner is estopped to claim damages. He can only be barred by the statute of limitations, and not by mere non-claim for a less period than the statute has prescribed to bar his claim.

3. SALE—*of land.* The mere fact that the company entered upon the land and constructed their road, and occupied it for about thirteen years, can not be held to raise a presumption that the owner had sold the right of way to the company.

4. LICENSE TO ENTER. The mere fact that the company have been long in possession, in the absence of all proof, will not raise a presumption that the owner had given a license to enter and construct their road, and in the absence of such a license the company must be held liable for damages resulting to other lands of the owner from the construction of the road.

APPEAL from the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

Messrs. BRYAN & COCHRAN, for the appellant.

Messrs. JOHNSON & HOPKINS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application to the judge of the circuit court of Woodford county, in which the land is situated, on the 16th of August, 1869, to obtain title to lands occupied by appellant's road over two forty and one eighty-acre tracts of land owned by appellee. The petition asked the appointment of commissioners under the act of the legislature, approved February 12th, 1849, incorporating the Peoria & Oquawka Railroad Company, of which appellant is the successor. The judge made an order appointing three persons to act as commissioners under the provisions of the law. On the 23d of the same month the commissioners met, were sworn, went upon the premises and examined the ground, heard testimony, and determined that appellee would sustain no damages by the appropriation of the land to railroad purposes. Their report was filed at the December term, 1869, and appellee moved to have the assessment set aside and that a reassessment be made, and notice of his application was served upon appellant. The court, at the ensuing April term, granted the motion and proceeded to hear the evidence, and assessed appellee's damages at $1250, but on motion of appellant set aside the assessment thus made.

At the succeeding August term a trial was had by the court and a jury, resulting in a verdict in favor of appellee for $1220 damages. A motion for a new trial was overruled, and the record is brought to this court on appeal.

It is insisted that the trial by jury was unwarranted by the law, but the assessment should have been made by three commissioners. It is only necessary to say that the case was set

down for trial in the court by consent of parties, on a speci-
fied day, and when the time arrived a trial was had, both par-
ties being present and no objections being made.    But the act
of 1852, relating to right of way, (Sess. Laws 1852, page 146,)
by the 14th section, has expressly declared that, unless the
parties shall otherwise agree, the trial in the circuit court shall
be by a jury.    And this case has been tried by a jury in con-
formity with that act.

It is urged that appellee is estopped to claim damages be-
cause he has failed for such a length of time to institute pro-
ceedings to recover damages ; that we must presume that he
considered it a benefit and not an injury or he would have
taken steps to recover his rights.  We are aware of no rule of
law which creates such a presumption short of the statutory
period which bars a recovery.   No one would contend that,
because a trespasser had gone upon the lands of another and
occupied them for fifteen years, when an action of trespass
was brought he could not recover for such portion of the time
as was not barred by the statute.   It would present a novel
defense to insist that it must be conclusively presumed that it
was a benefit to the owner to have the trespass committed and
continued.

It is next urged that the road was constructed over appel-
lee's land with his knowledge and consent, and that the en-
hanced value of his land is such a consideration as requires
us to infer a contract of sale which should be enforced.   In
the first place we fail, on a careful examination of the entire
record, to find any proof that the road was constructed with
the knowledge and consent of appellee.  The proof shows that
the road was constructed at that place in 1856.  It is true, that
appellee swears that he owned the land previous to that time,
but he, nor any one else, says that he knew of it at the time.
It would be reversing all the rules by which men are enabled
to assert their rights to hold that it was only necessary to
show a party had entered upon the lands of another without
showing any authority, and occupied them about thirteen

234        T., P. & W. R. R. Co. *v.* DARST.        [Sept. T.,

Opinion of the Court.

years, and had erected improvements beneficial to the lands of the owner, and all others in the vicinity; that when he asserts his rights as an owner, he must be presumed to have bargained for the sale of the land. Such a defense, we presume, has never been urged by a trespasser in an ejectment suit, and we are unable to perceive any distinction in favor of a railroad. It is true, no doubt, as urged, that the construction of this road has enhanced the value of appellee's lands, but the evidence of all of the witnesses who were asked the question, was that the benefit to adjacent lands over which the road did not run was greater than to this; and if so, why should the rules of the law be reversed to prevent him from asserting his rights? These are not the character of benefits that can be sued for and recovered by the road, as, if they were, actions would, no doubt, have been brought by railroads in all cases where lands have been enhanced by their construction.

The note referred to in the first volume of Railway Cases, page 47, it will be seen, refers to English cases, which hold that, where a railway company gives notice that it will appropriate lands for the use of the road, it is held, under the act of parliament, to be an agreement on their part to purchase the lands, assented to on the part of the owner, on the terms of making compensation. Even if it was conceded that such was the rule of law in this country, which we do not determine, still, in this case, there is no evidence that such a notice was given; and that compensation was never made, may be inferred by appellant instituting proceedings to have the compensation ascertained that it might be paid.

But the principal case, to which we find this note appended, is *The Baltimore & Susquehanna Railroad Co.* v. *Nesbit,* 10 How. R. 395, in which it is held that, after damages had been ascertained, and before the assessment was set aside, a tender of the amount of damages did not vest the company with a title to the property or prevent another assessment binding on

them.   We can perceive no ground for holding appellee estopped from claiming damages.  If the company had supposed there was a contract with appellee under which the company entered, and that it had been lost or only rested in parol, we may reasonably conclude a bill in chancery would have been resorted to for the establishment of the rights of the company, rather than this proceeding to condemn the land and to assess the damages.   This proceeding is strong, if not conclusive evidence, that no sale had been made to the company, and that they had not acquired the right to occupy the right of way.

It is insisted that, if appellee gave a revocable license to enter, the company were justified in all their acts, and he can not recover damages for ditches, embankments, excavations, obstructions or other injury, before a revocation of the license. We have seen that there is no evidence of even a knowledge by appellee that the company was constructing its road on his land, much less that he gave a license.   Hence it is unnecessary to discuss such a question.

According to the rule in the case of *The Alton & Sangamon Railroad Co.* v. *Carpenter,* 14 Ill. 190, there was no error in the mode of proceeding adopted in this case.   The witnesses on the part of appellee—and they were numerous—state that they regard the damages sustained by him, over and above all benefits, to be largely more than the amount assessed by the jury.   And the instructions strictly conform to the rule announced in that case; and we do not see that the jury acted on any different rule.

It is also contended that the damages are excessive.   We have attentively read the entire evidence in the record, and fail to find that it does not fully sustain the verdict.   It can not be justly said that the evidence preponderates in favor of appellant.   The witnesses on the part of appellant, so far as they were interrogated, state they would prefer the farm if the road was on adjoining lands.   They say the land is worth more than it was before the road was constructed.   This may

have been, and doubtless was, owing, to a large extent, to the growth of the county, increase of population, the construction of other roads and a variety of other causes. Some of the witnesses say they would rather have the. farm with this road than without any road. This may be true, and still appellee have sustained damage. But the witnesses on the part of appellee are numerous; are of the opinion that appellee has sustained damage; seem to be farmers of experience, and acquainted with the property and its situation; and so far as we can see, testify fairly and intelligently, and the jury were, we think, fully warranted in finding the verdict they did.

A careful examination of the instructions fails to show that they were erroneous. They were fully as favorable to appellant as it had a right to ask.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*