The Peoria, Pekin and Jacksonville Railroad Co.

*v.*

George W. Laurie.

1. Right of way—*one statute only.* A railway company, having commenced proceedings for condemnation of right of way under the statute of 1852, must adhere to it throughout, and can not resort to other statutes. The rights of parties must be controlled by the act under which proceedings are begun.

2. Title and ownership—*when confessed by proceedings.* Petition for condemning right of way must designate, and notice must be given to all parties intended to be included as owners and interested persons, and the company is estopped from proving before the commissioners that the party alleged in its petition to be the owner, has not title.

3. The commissioners can not consider the question of title, but only of the extent of damages.

4. And the *circuit court,* on appeal, can consider only the questions decided or reported upon by the commissioners.

5. Cross-examination. A witness, having testified to the damages to the particular tract of land touched by the track, can not, on cross-examination, be required to testify as to the effect upon other tracts owned by the same party.

6. RULE OF DAMAGES. The law of 1845 permitted the general benefit received to be estimated against the damages, though conferred upon other lands and in other ways, while the law of 1852 restricts the off-set of benefits against damages to the particular tract affected.

APPEAL from the Circuit Court of Scott county; the Hon. CHARLES D. HODGES, Judge, presiding.

The Peoria, Pekin and Jacksonville Railroad Company filed its application and petition, in conformity to the law of June 22, 1852, for the condemnation of right of way over certain lands designated in the petition as the property of George W. Laurie, in the county of Morgan. Due service upon Laurie being shown, commissioners were appointed who, upon examination, etc., made award that the benefits were equal to the damages sustained, therefore awarding no damages. From this award Laurie appealed to the circuit court.

Upon application of the appellant herein, change of venue to Scott county was had.

Upon trial at the October term, 1869, judgment was rendered for the appellee herein for $1276. The application of appellant for a new trial being denied, the case comes to this court on bill of exceptions. The opinion states the points raised in the case.

Messrs. MORRISON & EPLER, and Mr. E. P. KIRBY, for the appellant.

Mr. H. G. WHITLOCK, and Messrs. MCCLURE & STRYKER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The first objection urged to the finding in this case, and the judgment thereupon, is, that the appellee failed to make out a proper title to the lands proposed to be taken by the company for the right of way of its road.

The petition, as is shown by special reference made in it, was filed under the act of June 22d, 1852, and was addressed to the judge of the circuit court.

It is, however, claimed that the petitioner had the right to the benefit of the act of 1845, or of any general law upon the subject of eminent domain, by virtue of its several charters. While this may be true, the company did not possess the right to proceed under all the laws upon this subject at the same time and upon the same petition. It had the right to select the statute which should control the proceedings, but then it must abide by the selection. It could not commence under the law of 1852, file the petition, give the notice, and have commissioners act and report, as required by its provisions, and then abandon it and proceed under some other law. We think, from the character of the proceedings, as instituted, and the direct reference made to the act of 1852, that the company must be governed by that act, and that the rights of the parties must be controlled by it.

Is, then, the question of the title to the land to be taken, involved in the trial of the appeal from the report of the commissioners? We think not.

The petition, as the statute required, alleged that appellee was the owner of the land, and the only object, as well as the prayer, of the petition was to ascertain the compensation to be paid to the owner. The only issue was the amount of the damages. When the company alleged ownership in appellee, and he acknowledged it by claiming damages, there was an end of any contest about the title.

Why should appellee be required to prove a necessary and affirmative allegation in the petition? It was the duty of the company either to ascertain the title before the commencement of proceedings, or, if the title was defective, to state it as it really was, if it was less than a fee simple, and then the compensation could be made commensurate with the character of the ownership.

But the statute is plain and positive as to the duties of the commissioners, and the questions to be decided by them. It provides that they shall inspect the premises and hear the allegations and testimony of the parties, and fix the compensation to be made. It further provides that appeals shall bring before the court the questions decided or reported upon by the commissioners.

The party whose land is sought to be condemned is no more bound to prove title than is the corporation bound to prove its organization, so as to enable it to take land. If the company does not desire the land, it can dismiss its petition. If appellee is not the owner, the allegation should not have been made, and it certainly would be anomalous to require him to prove an allegation made by the opposite party, and which forms the basis of the proceeding.

From the petition, and the exhibit filed therewith, appellee was the owner of the land, subject to a vendor's lien. The proof showed that this lien had been satisfied, and this disposed of the question of title.

The case of *The County of Sangamon* v. *Brown,* 13 Ill. 208, was a proceeding under an entirely different statute, which did not require the particularity of the act of 1852. Hence, there was no error in refusing the instructions in behalf of appellant of which complaint is made.

The ruling of the court in restricting the cross-examination of the witness, English, to the land over which the road passed, was not improper. The inquiry as to the injury to the entire farm was not legitimate cross-examination. The supposed injury to appellant, that it was thereby prevented from the introduction of proof showing the general benefits of the construction of the road, did not result. Upon an examination of the record, it will be found that appellant, at the proper time, introduced a number of witnesses to prove that the building of the road occasioned no damage to appellee.

As these proceedings were entirely under the act of 1852, the case of *The Alton and Sangamon R. R. Co.* v. *Carpenter,*

14 Ill. 190, is not in point in regard to the rule of assessing damages.

In that case the court held that, under the act of 1845, concerning the right of way, the legislature never contemplated the payment of damages to the owner of land for the privilege of constructing a railroad through it, when a value equal to the injury was given to the land by the construction of the road.

Under the act of 1852, a different rule prevails. The compensation for the land taken must be paid in money, without any regard to benefits to other lands from the construction of the road. In the assessment of damages, then, the advantages may be considered. *Hays* v. *Ottawa, Oswego and Fox River Valley R. R. Co.* 54 Ill. 373.

There is no cause for a reversal of the judgment, and it is affirmed.

*Judgment affirmed.*