(No. 15935.—Judgment affirmed.)

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* THE ROCKWELL CEMETERY ASSOCIATION, Appellant.

*Opinion filed April 14, 1924.*

1. APPEALS AND ERRORS—*when appeal will not be dismissed for want of interest in subject matter.* An appeal will not be dismissed on the ground that the appellant has no interest in the subject matter where the question of the appellant's interest is the issue in the case, error being assigned on the finding of the circuit court that appellant did not have the interest which it claimed.

2. PLATS—*when public acquires rights by user although plat is vacated.* Where an owner plats and dedicates a tract of land as a town site, but the town, never having been built up, is vacated, the public nevertheless acquires rights in the streets platted by user of the same as public roads; and such use will constitute a public acceptance of the dedication of a road so used, notwithstanding it was at one time improved by a private cemetery association.

3. EMINENT DOMAIN—*when allegation as to unknown owners does not estop petitioner asserting existence of public road.* The Department of Public Works and Buildings petitioning to condemn a right of way for a State highway crossing is not estopped to urge that the tract to be condemned is a public road because it alleges in its petition that the tract belongs to private unknown owners, where the only party objecting and seeking to set aside the judgment in condemnation has shown no special interest in the tract and is not alleged by the petitioner to have any interest.

4. Same—*when a private cemetery association has no separate interest in public road.* A private cemetery association has, in a public road leading to it, no interest which is so different from that which the public enjoys as to enable it to object to and set aside a judgment in a condemnation proceeding by the Department of Public Works and Buildings for a right of way for a State highway across such road, although the cemetery was dedicated to public use, together with such road, as a part of a plat of a town which was vacated because the town was never built, the public having acquired the right to the road by user.

Appeal from the Circuit Court of LaSalle county; the Hon. Edgar Eldredge, Judge, presiding.

Butters & Butters, and Woodward, Hibbs & Pool, for appellant.

Edward J. Brundage, Attorney General, A. E. Campbell, Thomas N. Haskins, and J. E. Malone, Jr., for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellee, the Department of Public Works and Buildings, for the use of the People of the State of Illinois, filed its petition in the circuit court of LaSalle county seeking to condemn two tracts of land, designated in the petition as tract No. 1 and tract No. 2, for the purpose of laying out and establishing State bond issue road No. 7. This is the road referred to and described in *Hartshorn* v. *Bierbom,* (*post,* p. 275.) The petition was dismissed by the petitioner as to tract No. 1 and condemnation of tract No. 2 was awarded, and the questions on this record are those growing out of the condemnation of that tract.

Tract No. 2 is a small body of land adjoining the Rockwell Cemetery grounds on the south, containing .057 of an acre. It constitutes that part of bond issue road No. 7 lying over and across a roadway known as Cemetery road, which extends south approximately one-half mile from the south

edge of Rockwell Cemetery to the Fifth street road lead-
ing into the city of LaSalle. The proposed new portion
of road No. 7 extends from a point 170 feet east of the
center line of a bridge over the Little Vermilion river, on
the east boundary of the city of LaSalle, in a northerly
direction to a point almost opposite Rockwell Cemetery,
thence east along the south boundary line of the cemetery.
At the southwest corner of the cemetery grounds this road
crosses the Cemetery road, and the condemnation proceed-
ing here is for the purpose of superimposing on the Ceme-
tery road at that point the right of way of State road No. 7.

The petition averred that the lands were private prop-
erty, and as to the tract in question, averred that the own-
ers thereof were unknown. Unknown owners were served
with notice by publication, and on a hearing default was
entered as to them. On November 17, 1923, the court
found that it had jurisdiction of the parties and the sub-
ject matter, and that the petition was to be taken as con-
fessed against the unknown owners of tract No. 2; that
said tract is a public highway, and that no person or per-
sons other than the public generally has or have any right,
title or interest in or to any portion of the premises sought
to be acquired for right of way purposes for a hard-surface
road. Judgment was accordingly entered authorizing the
petitioner to enter upon, take possession of and use for right
of way purposes, and for all purposes incident thereto, the
tract of land described in the petition as tract No. 2.

On November 19, 1923, appellant, the Rockwell Ceme-
tery Association, filed its cross-petition, representing that
it is an incorporated body; that it has the supervision,
management and control of the cemetery known as Rock-
well Cemetery, and averring that the land sought to be
taken, and described in the petition as tract No. 2, is part
of a private road leading from the cemetery south to the
road commonly known as the Fifth street road; that this
road affords ingress and egress to and from the cemetery

from the Fifth street road; that it has been used by rela-
tives and friends of those buried in the cemetery for more
than forty years, and that the Rockwell Cemetery Associ-
ation has an easement in the private road for the benefit of
the cemetery. It asked to be made a party to the proceed-
ing and that its rights might be considered and determined.
Thereafter it filed a motion to vacate and set aside the final
judgment as to tract No. 2, entered November 17, 1923.
The petitioner filed objections to the granting of this motion
until the cross-petitioner should show itself to have some
interest in tract No. 2 other and different from that of the
general public therein, or show that it had some special prop-
erty right which would give it a right to urge its motion to
vacate and set aside the final judgment and to be heard upon
the merits of the cross-petition. The cause was continued,
and on December 10 came on for hearing on the motion of
appellant to vacate the final order of November 17, 1923,
and the petitioner's objections thereto. Evidence was taken
on the issue whether appellant had such interest in the tract
of land sought to be taken for hard road purposes as en-
titled it to a hearing on the merits of the petition. The
court found this issue against appellant; that it had no es-
tate, right, title or interest to any part of tract No. 2 other
than or different from the general public, and overruled
the motion of appellant and dismissed its cross-petition filed
therein. Appellant brings the cause here for review, stat-
ing in argument that the only question raised by this rec-
ord is whether or not the Rockwell Cemetery Association
has an interest in this portion of the roadway sought to be
condemned.

Appellee seeks to dismiss this appeal because, it is said,
appellant has no interest in the subject matter and is not en-
titled to appeal. Whether it has such an interest is the issue
in the case. It claimed such interest in the circuit court,
and assigns error here on the finding of that court that it
has no such interest. The fact that this issue might be

decided against it here does not warrant the dismissal of its appeal.

It appears from the evidence that in 1836, long before the town of LaSalle was platted, John A. Rockwell, owner of the northeast quarter of section 14 in the township of LaSalle, platted the town of Rockwell. This plat covered the greater portion of the northeast quarter of section 14 lying east of what is now the city of LaSalle. This tract of land lies north of the Illinois river and east of the Little Vermilion river. The original plat was filed in the recorder's office of LaSalle county, and a statutory dedication of streets and public places as shown on the plat was made by the owner. At the northwest corner of this plat, on what is shown thereon as block 8, is marked "Burial grounds," and the record shows that this is the location of and the land embraced in the cemetery known as Rockwell Cemetery. A street shown on the plat as West street extends along the entire west side of the platted town to and along the west side of Rockwell Cemetery, joining with an east and west street shown on the plat as North street. West street afterwards became known as Cemetery lane, and is the road across which it is sought by these proceedings to secure an easement for hard road No. 7. By the plat Rockwell Cemetery was dedicated as a public burial ground, and the record shows that since about 1840 it has from time to time, down to the present, been used as a public burial ground, and that during all of that time West street has been used by the public generally for access to the cemetery from the city of LaSalle by way of the Fifth street road, extending east out of the city.

It appears from the record that the town of Rockwell was never built up, but that west of this tract, on the west bank of the Little Vermilion river, the city of LaSalle was later organized and grew into a city of a present population of over 13,000. It appears that about 1846 the town of Rockwell was vacated, except as to such portions as had

been accepted by the public by user. Among these was West street, now known as Cemetery lane; the street along the southern boundary of the plat shown as Front street; and the street shown on the plat as extending north and south along the east boundary of the platted tract. This latter street was not named but later became the public highway along the eastern boundary of the northeast quarter of section 14, between that section and section 13. Such user by the public evidenced a sufficient acceptance of an offer to dedicate to prevent the dedicator from thereafter withdrawing such offer. (*Hillmer Co.* v. *Behr,* 264 Ill. 568.) The record contains no evidence of any attempt to interfere with the use of the public either in the burial grounds or West street leading thereto.

It appears that during the period that this cemetery was used no one attempted to regulate burial therein and no persons or organizations attempted to exercise jurisdiction over it. Those seeking a burial place for their deceased friends and relatives went to the cemetery and picked out the place they desired and made the interment, and this without supervision or control from any source. In 1874 a cemetery association was incorporated under the law of 1872 under the name "The LaSalle Cemetery Association," which name was later changed to Oakwood Cemetery Association. This association purchased a plot of ground adjoining Rockwell Cemetery on the northwest corner thereof, and later purchased another small tract of ground adjoining Rockwell Cemetery on the north. From 1874 to the time of the hearing, West street (or Cemetery lane) has been used as a means of ingress and egress to and from Oakwood Cemetery as well as Rockwell Cemetery. It appears that no one sought to take supervision of Rockwell Cemetery, aside from efforts shown on the part of Oakwood Cemetery to occasionally clean up the brush in it, until the organization of the appellant, in June, 1922. The evidence shows, without dispute, that the public used this road

indiscriminately during all these years, and it cannot be doubted that there was sufficient user by the public to denote an acceptance of the dedication by Rockwell, the original owner both of this road and the cemetery.

By an act in relation to control of public graveyards, approved May 29, 1879, (Laws of 1879, p. 63,) it was provided that public graveyards not under the control of any corporation, organization or society, and located within the limits of towns or townships, shall and may be controlled and vacated by the corporate authorities of such towns or townships; that the control of such cemeteries should be vested in three trustees elected by the voters of such towns at the annual meeting. It appears from the evidence that no such supervision had ever been taken of Rockwell Cemetery, though it appears to come within that statute. In June, 1922, a group of persons having relatives buried in Rockwell Cemetery organized and incorporated the appellant association under an act to provide for the organization, ownership, management and control of cemetery associations, approved May 14, 1903. (Laws of 1903, p. 90.) Section 5 of this law gave to such cemetery associations the right to acquire property for cemetery purposes, either by purchase or by gift. It appears that the organization of this cemetery association was without public notice but by arrangement of a portion of those having relatives buried there. There is no evidence that the appellant corporation has acquired the Rockwell Cemetery grounds, either by purchase or gift.

It is contended by appellant in its cross-petition that the Cemetery road is a private road, and testimony was introduced to support that contention. A highway commissioner testified that he had not in any way improved that road but that it had been graveled at one time by the Oakwood Cemetery Association. Other testimony of like character was offered. Such evidence does not disprove the public character of the road, which is derived from the original

dedication by the owner of the land and the acceptance by the public through user.   It seems clear from the evidence that the public generally used this road, and that it is, and has been from the time of the filing of the plat by Rockwell, a public highway.

Appellant contends that appellee is estopped to urge that Cemetery lane is a public road for the reason that it has described the part of it sought to be condemned as belonging to private unknown owners.   We are, however, unable to see how this, though conceded to be true, would be of aid to appellant unless it can show some right or interest in the tract that entitles it to be heard in a condemnation proceeding.   Even though appellee were to be held to the statement made in the petition that this land belongs to private owners, still appellant can show no right to have the judgment set aside and compensation awarded in the absence of a showing of interest in itself.   Though the property were to be held to be private property because of the allegations in the petition, this would not show that it is private property owned by appellant or in which it has an interest, nor would it relieve appellant of the necessity of showing that it has such an interest therein as entitles it to defend the petition for condemnation.   The petition does not allege that appellant has any interest, so it cannot be said that the petitioner is estopped to deny interest in appellant..   There is no proof in the record of any interest of appellant in this road other and different from that which the public enjoys.   The organization of a corporation by individuals whose relatives are interred in that cemetery, while a very worthy purpose, does not give to the corporation ownership or control over the road in question, even though it were a private road.   There must be a showing of an acquisition of the title either by purchase or gift. There is no such showing in this case.

Appellant cites as authority for its contention as to estoppel, four cases decided by this court.   The case of *Metro-*

*politan Elevated Railway Co.* v. *Eschner,* 232 Ill. 210, holds that the persons named in the petition as owners are not required to prove their title. The case of *Sanitary District of Chicago* v. *Pittsburg, Ft. Wayne and Chicago Railway Co.* 216 Ill. 575, also holds that the averments of the petition as to the nature or extent of the estate or title of the defendants are binding upon the petitioner, and defendants are not required to establish such title. In *Metropolitan City Railway Co.* v. *Chicago West Division Railway Co.* 87 Ill. 317, the petition alleged that the defendant had some property rights, interest or privileges which were sought to be condemned, and the court held that the petitioner having asserted that the defendant had such rights, could not thereafter deny their existence. In *Peoria, Pekin and Jacksonville Railroad Co.* v. *Laurie,* 63 Ill. 264, the petition alleged that Laurie was the owner of the land sought to be condemned, and it was there held that such an allegation was binding on the petitioner. There is in this petition no averment that appellant has any property rights whatever in the property and no basis for estoppel. The cases cited are not applicable here.

Appellant has cited in support of its contention that it has an interest in tract No. 2, *Hines* v. *State,* 126 Tenn. 1, and *VanBuskirk* v. *Standard Oil Co.* 121 Atl. (N. J.) 450. These cases are authority for the proposition that where land has been appropriated for burial purposes, those who have the benefit of burial in the land have the right to visit it and the right of free ingress and egress. In the absence of a showing, however, of a damage to that right in this case those cases are of no assistance. The evidence shows that the use for which this portion of the road known as Cemetery lane is to be taken will in nowise interfere with the use of the lane; that the lane remains open as before. The only difference, so far as access to the cemeteries is concerned, lies in the fact that those desiring to visit them may travel over the hard-surface road from the

city of LaSalle to the south line of Rockwell Cemetery instead of following the lane previously laid out. There is no showing in the record that the parties who comprise the appellant organization will be in any way damaged in their right of ingress and egress to and from this cemetery, but the evidence indicates that those means are better secured to them by the road proposed to be built by the State. It cannot be claimed that there is anything in this record which gives to appellant an exclusive right of way over the road known as Cemetery lane.

We are of the opinion that appellant has no such interest as entitles it to have the order of November 17, 1923, granting the prayer of the petition, set aside and vacated, and the court did not err in overruling its motion in that behalf.

There is no error in the record, and the judgment of the circuit court will be affirmed.    *Judgment affirmed.*